**EXHIBIT A**

**EXHIBIT A**

Electronically Filed
5/25/2023 11:16 AM
Steven D. Grierson
CLERK OF THE COURT

1

2

3

4

Jonathan D. Roven (SBN 015807)
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel.: 702-605-5409
jon@thenevadalawyer.com

Attorney for Plaintiff JOHNELLE GARLAND

CASE NO: A-23-871275-C

Department 4

5

6

7

8

DISTRICT COURT

CLARK COUNTY, NEVADA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHNELLE GARLAND,

        Plaintiffs,

   v.

EDIC, a Nevada corporation; ROE
CORPORATIONS 1 TO 10;

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO:

DEPT. NO:

**COMPLAINT; DEMAND FOR JURY
TRIAL**

**ARBITRATION EXEMPTED**

**COMPLAINT** - 1 -

COMES NOW Plaintiff JOHNELLE GARLAND (hereinafter "Plaintiff" or "GARLAND") complains as follows:

1. Plaintiff JOHNELLE GARLAND was at all times relevant a resident of Clark County, Nevada.

2. Defendant EDIC (hereinafter "EDIC") is an economic entity duly licensed to conduct, and was conducting at all pertinent times, business in Clark County, Nevada.

3. The identities of DEFENDANTS, Does 1 through 10, are unknown at this time and maybe individuals, partnerships, subsidiaries, units, parent corporations, businesses, entities, companies, joint ventures, and/or corporations and maybe alternate identities and/or masters, agents, servants, employees, employers, predecessors-in-interest, successors-in-interest, or assigns of the named DEFENDANTS herein. Plaintiff alleges that each of the DEFENDANTS designated as the DEFENDANTS, DOES 1 through 10 and/or ROE CORPORATION DEFENDANTS 1 through 10, and vice versa.  Plaintiff requests leave of Court to amend this complaint to name the DOE and ROE Corporation Defendants when their identities become known.

4. This action is brought by the Plaintiff as a former employee EDIC who was harassed, discriminated against based on race, and retaliated against in various unlawful forms for engaging in protected activities.

5. On or about May 6, 2022, Defendant EDIC hired Plaintiff GARLAND as a Stockroom Associate. Plaintiff performed his job satisfactorily until his termination. Plaintiff was in the same position until his termination on or about December 23, 2022.

6. Plaintiff is a black man. After Plaintiff started working, the Defendant would keep the front doors locked causing Plaintiff to bang on the doors and be late to clock-in. Other non-Black employees were not subjected to these terms and conditions of employment. On March 25, 2022, Plaintiff asked Manager Carlos, Last Name

Unknown (non-Black), for 4-vacation days off. Carlos granted the time off. However, Manager Carlos did not advise the other Manager Paul, Last Name Unknown (non-Black), concerning the vacation time off. Subsequently, Manager Paul issued Plaintiff a written discipline for no call no show, which Plaintiff denies. On November 30, 2022, Plaintiff came down with an illness and Plaintiff submitted a doctor's note to be out of work. On December 16, 2022, when Plaintiff returned to work, Plaintiff was called the "N" work in Spanish by non-Black coworkers. Plaintiff  was offended and embarrassed. On December 20, 2022, Plaintiff complained of race-based harassment to Manager Carlos. The harassment occurred under one of the business' cameras. The Defendant did nothing to correct the harassment. Plaintiff believes that on December 23, 2022, Plaintiff was discharged from my employment in retaliation for complaining of racial harassment.

7. Plaintiff filed timely charges of discrimination with the appropriate administrative agencies, including the Nevada Equal Rights Commission ("NERC") and the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC (along with NERC) has given these plaintiffs their right to sue letters, and therefore, Plaintiffs have fulfilled all jurisdictional requirements for the filing of this suit under the applicable statutes of Nevada and The United States of America.

## FIRST CLAIM FOR RELIEF

### (Discrimination Pursuant to NRS 613.330 and 613.340)

8. Plaintiff hereby repeats and re-alleges the allegations set forth above, inclusive, as though fully set forth herein.

9. Nevada law prohibits employers to discriminate or harass in pay and/or discharge an employee due to a person's race, color, religion, sex, sexual orientation, gender identity or expression, age, disability or national origin.

10. Defendants violated Nevada law when Defendants discriminated, harassed Plaintiff based on his race, and retaliated against Plaintiff for complaining about racial harassment and requesting time off due to illness.

11. Due to the unlawful actions of the Defendants, Plaintiff was damaged in an amount in excess of $10,000.00.

12. Due to the unlawful actions of the Defendants, Plaintiff was required to retain the services of an attorney.

## SECOND CLAIM FOR RELIEF

**(Intentional Infliction of Emotional Distress – Against Defendant WCPM)**

13. Plaintiff hereby repeats and re-alleges the allegations set forth above, inclusive, as though fully set forth herein.

14. By its actions described herein, the Defendant intentionally and/or recklessly subjected the Plaintiff to severe emotional distress.

15. The Defendant's actions were extreme and outrageous, and shocking to any reasonable mind as well as to the Plaintiff.

16. As a direct and proximate result of the Defendant's infliction of emotional distress, the Plaintiff has been damaged in an amount in excess of $15,000.00.

17. The Defendant's actions were oppressive, malicious, willful, intentional or done with reckless disregard of and callous indifference to the Plaintiffs rights and, as such, punitive damages in an amount in excess of $15,000.00 should be awarded to punish the Defendant and to deter such conduct in the future.

18. As such, Plaintiff has incurred damages, which are in excess of $15,000.

19. Due to the Defendants' conduct, the Plaintiff was forced to retain the services of an attorney to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. A sum in excess of $10,000 for general, compensatory and special damages for the plaintiff;

2. For legal pre—judgment interest at the interest rate allowable by law;

3. For punitive damages in excess of $10,000;

4. For reasonable attorney fees and costs of suit; and

5. For any such further relief this court deems just and proper.


DATED: May 25, 2023

By: _____

Jonathan D. Roven
Attorney for Plaintiff

Electronically Filed
10/16/2023 1:54 PM

*[signature]*

CLERK OF THE COURT

OSCD

DISTRICT COURT
CLARK COUNTY, NEVADA
****

JOHNELLE GARLAND,

               Plaintiff(s)

vs.

EDIC,

               Defendant(s)

CASE NO: A-23-871275-C
Department 4
HEARING DATE: December 5, 2023
HEARING TIME: 9:00 AM

## <u>ORDER TO SHOW CAUSE RE: DISMISSAL</u>

**IT IS HEREBY ORDERED** that the parties are directed to appear before the Court to show cause, if any they have, why the above-entitled matter should not be dismissed by the Court as prescribed by Nevada statutes and local court rules indicated by an X below:

☒    Failure to serve the summons and complaint upon the defendant within 120 days after the filing of the complaint. NRCP 4(e)(2).

☐    Failure to hold the mandatory discovery meeting described in Rule 16.1(a) within one hundred and eighty (180) days after service of the summons and complaint upon a defendant. NRCP 16.1(e)(1).

☐    Failure by the Plaintiff to file a case conference report within two hundred and forty (240) days after the service of a summons and complaint upon a defendant. NRCP 16.1(e)(2).

☐    Failure to take action for more than 6 months on a case that has been pending for more than 12 months. EDCR 2.90  Cases dismissed under this rule may be reactivated within 30 days upon written request of a party or party's attorney.

☐    Failure by Plaintiff for two years after action is filed to bring such action to trial. NRCP 41(e).

☐    Failure to bring this action to trial within five years after the Plaintiff has filed an action.  NRCP 41(e).

1
2
3          IT IS FURTHER ORDERED that the hearing regarding dismissal of this case has
4   been scheduled to take place on **December 5, 2023,** at the hour of 9:00 AM, in Department
5
    4, courtroom 3C.  In the event that counsel or parties in proper person fail to appear, the
6
7   Court will dismiss this action without prejudice.
8          DATED: This 16th day of October, 2023.
9
10
11                                   Dated this 16th day of October, 2023
12
13                                   _____
14                                   078 75F 004C F74E
                                     Nadia Krall
15                                   District Court Judge
16
17
18
19
20
21
22
23
24
25
26
27
28

**Honorable Nadia Krall**
DISTRICT COURT JUDGE
DEPARTMENT FOUR
LAS VEGAS, NEVADA 89155

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| Johnelle Garland, Plaintiff(s) | CASE NO: A-23-871275-C |
| vs. | DEPT. NO.  Department 4 |
| EDIC, Defendant(s) | |

## <u>AUTOMATED CERTIFICATE OF SERVICE</u>

Electronic service was attempted through the Eighth Judicial District Court's electronic filing system, but there were no registered users on the case.

If indicated below, a copy of the above mentioned filings were also served by mail via United States Postal Service, postage prepaid, to the parties listed below at their last known addresses on 10/17/2023

Jonathan Roven

Jonny Law
Attn: Jonathan Roven, Esq
14546 Hamlin St, Ste 107
Van Nuys, CA, 91411

Electronically Filed
10/23/2023 5:00 PM
Steven D. Grierson
CLERK OF THE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jonathan D. Roven (SBN 015807)
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel.: 702-605-5409
jon@thenevadalawyer.com

Attorney for Plaintiff JOHNELLE GARLAND

DISTRICT COURT

CLARK COUNTY, NEVADA

JOHNELLE GARLAND,

              Plaintiffs,

      v.

EDIC, a Nevada corporation; ROE
CORPORATIONS 1 TO 10;

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: A-23-871275-C

DEPT. NO: 4

**MOTION TO EXTEND TIME FOR
SERVICE; AFFIDAVIT OF JONATHAN
ROVEN**

**HEARING NOT REQUESTED**

**MOTION TO EXTEND TIME FOR SERVICE - 1 -**

Plaintiff CHARLES TINDER ("Plaintiff") hereby requests to be granted additional time to serve the Summons and Complaint. Plaintiff's counsel thought this matter was out for service already and inadvertently checked and noticed that it was not after receipt of the OSC re Dismissal in December.

This application is based on NRCP 4(e) and Rule 60, that this was the mistake, inadvertence, surprise and excusable neglect of Plaintiff's counsel. Plaintiff's counsel immediately set the initial documents out for service upon receipt of the OSC re Dismissal.

The application is also based on the Exhibits, papers and pleading filed herewith, the court file on this matter, the declaration of Plaintiff's Counsel filed herewith, and any testimony or argument the court may Order.

It is requested this application be granted without hearing as these motions are typically handled on an Ex Parte basis, or, it is requested that a hearing on an Order Shortening time be set.

DATED: October 23, 2023

By: _____

Jonathan D. Roven
Attorney for Plaintiff

**MOTION TO EXTEND TIME FOR SERVICE** - 2 -

**AFFIDAVIT OF JONATHAN ROVEN IN SUPPORT OF MOTION
TO EXTEND THE TIME FOR SERVICE OF THE SUMMONS AND COMPLAINT**

STATE OF NEVADA          )
                                            )     ss.
COUNTY OF CLARK        )


      I, Jonathan Roven, do swear, under penalty of perjury, under the laws of the State of Nevada, the following is true and correct, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

1. GRANT ADDITIONAL TIME OR SET HEARING: motions for additional time to serve are typically granted without hearing. If the Court determines a hearing in this matter is necessary, it is requested that the hearing be set, EDIC likely is aware of this litigation as Plaintiff's counsel reasonably believes that the NERC (Nevada Equal Rights Commission) contacted Defendant regarding this matter.

2. In order for a Plaintiff to receive an Order granting additional time to serve a defendant, the Plaintiff must make two showings: a. Show good cause why the motion for additional time to serve was not filed prior to the expiration of 120 days and; b. 2. Show good cause why service was not made within the 120 days.

3. Good Cause For Bringing Motion After 120-Day Expiration: Plaintiff's counsel made a mistake, inadvertence, excusable neglect and surprise that this matter was not yet set out for service. Plaintiff's counsel has been diligent in obtaining the Right to Sue and filing the complaint, and therefore Plaintiff's counsel was surprised to receive the OSC re: Dismissal. Immediately upon receipt, Plaintiff's counsel set the matter out for service and filed the instant Motion.

4. Good Cause For Extending Date For Service:

a. good cause exists for extending service as:

      i. Plaintiff's counsel's error should not prejudice the Plaintiff, and that there is no prejudice to the Defendant whatsoever.

5. 120 days from filing is September 22, 2023.

**MOTION TO EXTEND TIME FOR SERVICE** - 3 -

6. REQUEST FOR JUDICIAL NOTICE: Plaintiff requests that Judicial Notice be given to the following: Complaint, the Application for additional time to serve, the declaration thereon, and the Order finding good cause and granting additional time to serve and the remainder of the pleadings and papers on file with the Court on this matter.

7. REQUEST FOR RELIEF: Plaintiff, by this Application, requests the Court make the following Orders:

a) Plaintiff demonstrated good cause for failure to file this motion for additional time to serve before the expiration of the deadline, as Plaintiff has been attempting service.

b) Plaintiff has demonstrated good cause to now extend the time for service of the Summons and Complaint.

c) It is requested that the time to serve the Summons and Complaint on defendants be extended an additional 90 days.

I declare, under penalty of perjury of the laws of the State of Nevada, the foregoing is true.

DATED: October 23, 2023

By: _____
      Jonathan D. Roven
      Attorney for Plaintiff

Electronically Filed
10/27/2023 11:58 AM
Steven D. Grierson
CLERK OF THE COURT

1

2

3

Jonathan D. Roven (SBN 015807)
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel.: 702-605-5409
jon@thenevadalawyer.com

4  Attorney for Plaintiff JOHNELLE GARLAND

5

6                        DISTRICT COURT

7                     CLARK COUNTY, NEVADA

8

9   JOHNELLE GARLAND,                    )  CASE NO: A-23-871275-C
                    Plaintiffs,          )
10                                       )  DEPT. NO: 4
                                         )
11        v.                             )
                                         )  **AMENDED MOTION TO EXTEND TIME**
12  EDIC, a Nevada corporation; ROE      )  **FOR SERVICE; AFFIDAVIT OF**
    CORPORATIONS 1 TO 10;                )  **JONATHAN ROVEN**
13                                       )
                                         )
14              Defendants.              )  **HEARING NOT REQUESTED**
                                         )
15                                       )
                                         )
16                                       )
                                         )
17                                       )
                                         )
18                                       )
                                         )
19  ————————————————————————————)

20

21

22

23

24

25

26

27

28

                **MOTION TO EXTEND TIME FOR SERVICE** - 1 -

**I.      INTRODUCTION AND REQUEST**

Plaintiff JOHNELLE GARLAND ("Plaintiff") hereby requests to be granted additional time to serve the Summons and Complaint. Plaintiff's counsel thought this matter was out for service already and inadvertently checked and noticed that it was not after receipt of the OSC re Dismissal in December.

This application is based on NRCP 4(e) and Rule 60, that this was the mistake, inadvertence, surprise and excusable neglect of Plaintiff's counsel. Plaintiff's counsel immediately set the initial documents out for service upon receipt of the OSC re Dismissal.

The application is also based on the Exhibits, papers and pleading filed herewith, the court file on this matter, the declaration of Plaintiff's Counsel filed herewith, and any testimony or argument the court may Order.

It is requested this application be granted without hearing as these motions are typically handled on an Ex Parte basis, or, it is requested that a hearing on an Order Shortening time be set.

Dismissal would result in extreme prejudice to the Plaintiff as the statute of limitations may run, and cases should be tried on their merits.

**II.      THE COURT SHOULD GRANT THE EXTENSION**

Pursuant to NRCP 6(b) and 4(d)(i), a plaintiff may be afforded additional time to serve the summons and complaint upon a defendant, if the plaintiff shows good cause why such service was not made within the 120-day time frame. Nev. R. Civ. P. 6(b) and 4(d)(i)(2007).

When making a determination under NRCP 4(i), the district court should recognize that "good public policy dictates that cases be  adjudicated on their merits." *Kahn v. Orme*, 108 Nev. 510, 516, 835 P.2d 790, 794 (1992).

In analyzing failures to serve timely, courts must apply a two-pronged test. *Saavedra-Sandoval v. Wal-Mart Stores*, 126 Nev. 592,245 P.3d 1198 (2010). In order to determine whether a motion to enlarge should be granted, the court first must determine

if the motion to enlarge was filed within the initial 120-day period, and if not, whether good cause existed for the untimely filing. Id. Second, the court must determine whether there was good cause for the failure to effect service within the initial 120-day period. Id. Good cause is determined on a case-by-case basis. *Scrimer v. Eighth Jud. Dist.*, 116 Nev. 507, 998 P.2d 1190 (2000). In Scrimer, the Nevada Supreme Court listed various factors for consideration in making the determination of "good cause" under Rule 4. The applicable factors include:

3.   Plaintiffs diligence in attempting service;

Plaintiff has set the matter out for service currently.

5.   Running of the applicable statute of limitations;

Since this matter must be filed within 90 days of the Right to Sue Letter, a dismissal would be extremely prejudicial to the Plaintiff as it would effectively end the case.

7.   The time between the end of the 120-day period and effective service;

The matter was out for service currently.

8.   Prejudice to the defendant from the delay in service;

There would be no prejudice to the Defendant.

9.   Defendant's knowledge of the lawsuit;

Defendant is likely aware of the lawsuit as they were likely in touch with the NERC prior to the issuance of the Right to Sue Letter.

10.  Any extensions of time granted by the court.

There have been no prior extensions.

## III.   CONCLUSION

Plaintiff would be extremely prejudiced if the matter is dismissed as the statute of limitations would likely run. The matter is currently out for service. It was due to inadvertence of counsel that the matter was not yet set out for service.

DATED: October 27, 2023

By: _____

Jonathan D. Roven
Attorney for Plaintiff

**AFFIDAVIT OF JONATHAN ROVEN IN SUPPORT OF MOTION
TO EXTEND THE TIME FOR SERVICE OF THE SUMMONS AND COMPLAINT**

STATE OF NEVADA          )
                         )   ss.
COUNTY OF CLARK          )


        I, Jonathan Roven, do swear, under penalty of perjury, under the laws of the State of Nevada, the following is true and correct, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

1. GRANT ADDITIONAL TIME OR SET HEARING: motions for additional time to serve are typically granted without hearing. If the Court determines a hearing in this matter is necessary, it is requested that the hearing be set, EDIC likely is aware of this litigation as Plaintiff's counsel reasonably believes that the NERC (Nevada Equal Rights Commission) contacted Defendant regarding this matter.

2. In order for a Plaintiff to receive an Order granting additional time to serve a defendant, the Plaintiff must make two showings: a. Show good cause why the motion for additional time to serve was not filed prior to the expiration of 120 days and; b. 2. Show good cause why service was not made within the 120 days.

3. Good Cause For Bringing Motion After 120-Day Expiration: Plaintiff's counsel made a mistake, inadvertence, excusable neglect and surprise that this matter was not yet set out for service. Plaintiff's counsel has been diligent in obtaining the Right to Sue and filing the complaint, and therefore Plaintiff's counsel was surprised to receive the OSC re: Dismissal. Immediately upon receipt, Plaintiff's counsel set the matter out for service and filed the instant Motion. However it appears that the process server canceled since it is passed the 120-day deadline.

4. Good Cause For Extending Date For Service:

Plaintiff's counsel's error should not prejudice the Plaintiff, and that there is no prejudice to the Defendant whatsoever.  Plaintiff has set the matter out for service currently. Since this matter must be filed within 90 days of the Right to Sue Letter, a dismissal would be

**MOTION TO EXTEND TIME FOR SERVICE** - 5 -

extremely prejudicial to the Plaintiff as it may effectively end the case. The matter was out for service currently but it appears as though the process server canceled it because of the deadline. There would be no prejudice to the Defendant due to a delay in service. Defendant is likely aware of the lawsuit as they were likely in touch with the NERC prior to the issuance of the Right to Sue Letter. There have been no prior extensions.

5. 120 days from filing is September 22, 2023.

6. REQUEST FOR JUDICIAL NOTICE: Plaintiff requests that Judicial Notice be given to the following: Complaint, the Application for additional time to serve, the declaration thereon, and the Order finding good cause and granting additional time to serve and the remainder of the pleadings and papers on file with the Court on this matter.

7. REQUEST FOR RELIEF: Plaintiff, by this Application, requests the Court make the following Orders:

a) Plaintiff demonstrated good cause for failure to file this motion for additional time to serve before the expiration of the deadline, as Plaintiff has been attempting service.

b) Plaintiff has demonstrated good cause to now extend the time for service of the Summons and Complaint.

c) It is requested that the time to serve the Summons and Complaint on defendants be extended an additional 90 days.


I declare, under penalty of perjury of the laws of the State of Nevada, the foregoing is true.

DATED: October 27, 2023

By: _____

Jonathan D. Roven
Attorney for Plaintiff

**MOTION TO EXTEND TIME FOR SERVICE** - 6 -

Electronically Filed
11/13/2023 1:23 PM
Steven D. Grierson
CLERK OF THE COURT

Jonathan D. Roven (SBN 015807)
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel.: 702-605-5409
jon@thenevadalawyer.com

Attorney for Plaintiff JOHNELLE GARLAND

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOHNELLE GARLAND,<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>EDIC, a Nevada corporation; ROE<br>CORPORATIONS 1 TO 10;<br><br>　　　　　Defendants. | ) CASE NO: A-23-871275-C<br>)<br>) DEPT. NO: 4<br>)<br>) **SECOND AMENDED MOTION TO**<br>) **EXTEND TIME FOR SERVICE;**<br>) **AFFIDAVIT OF JONATHAN ROVEN**<br>)<br>) **HEARING NOT REQUESTED**<br>)<br>)<br>)<br>)<br>)<br>) |

**SECOND AMENDED MOTION TO EXTEND TIME FOR SERVICE** - 1 -

**I.      INTRODUCTION AND REQUEST**

Plaintiff JOHNELLE GARLAND ("Plaintiff") hereby requests to be granted additional time to serve the Summons and Complaint. Plaintiff's counsel thought this matter was out for service already and inadvertently checked and noticed that it was not after receipt of the OSC re Dismissal in December.

This application is based on NRCP 4(e) and Rule 60, that this was the mistake, inadvertence, surprise and excusable neglect of Plaintiff's counsel. Plaintiff's counsel immediately set the initial documents out for service upon receipt of the OSC re Dismissal.

The application is also based on the Exhibits, papers and pleading filed herewith, the court file on this matter, the declaration of Plaintiff's Counsel filed herewith, and any testimony or argument the court may Order.

It is requested this application be granted without hearing as these motions are typically handled on an Ex Parte basis, or, it is requested that a hearing on an Order Shortening time be set.

Dismissal would result in extreme prejudice to the Plaintiff as the statute of limitations may run, and cases should be tried on their merits.

**II.     THE COURT SHOULD GRANT THE EXTENSION**

Pursuant to NRCP 6(b) and 4(d)(i), a plaintiff may be afforded additional time to serve the summons and complaint upon a defendant, if the plaintiff shows good cause why such service was not made within the 120-day time frame. Nev. R. Civ. P. 6(b) and 4(d)(i)(2007).

When making a determination under NRCP 4(i), the district court should recognize that "good public policy dictates that cases be  adjudicated on their merits." *Kahn v. Orme*, 108 Nev. 510, 516, 835 P.2d 790, 794 (1992).

In analyzing failures to serve timely, courts must apply a two-pronged test. *Saavedra-Sandoval v. Wal-Mart Stores*, 126 Nev. 592, 245 P.3d 1198 (2010). In order to determine whether a motion to enlarge should be granted, the court first must determine

if the motion to enlarge was filed within the initial 120-day period, and if not, whether good cause existed for the untimely filing. Id. Second, the court must determine whether there was good cause for the failure to effect service within the initial 120-day period. Id. Good cause is determined on a case-by-case basis. *Scrimer v. Eighth Jud. Dist.*, 116 Nev. 507, 998 P.2d 1190 (2000). In *Scrimer*, the Nevada Supreme Court listed various factors for consideration in making the determination of "good cause" under Rule 4. The applicable factors include:

1. Difficulties in locating the defendant;

There was not severe difficulty in locating the defendant.

2. The defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed;

The defendant did not evade service to Plaintiff's knowledge.

3. Plaintiffs diligence in attempting service;

Plaintiff has set the matter out for service currently, however it appears as though the process server canceled the service because if was after the 120-day deadline. ABC Legal wrote to Plaintiff's counsel, "Hello Jonathan, Our system has indicated the last date to serve your order was on 9/22/23 based on the data within your case. If this is incorrect, please reach out and provide a new last date to serve, and we will have your documents dispatched for service asap. Kindly, ABC Legal Customer Support". Since then, Plaintiff's counsel told ABC Legal to serve the documents anyway, and has engaged another process server to serve the documents.

4. Difficulties encountered by counsel;

It was due to Plaintiff's counsel's mistake in not ensuring this was out for service that it did not go out timely. Currently, Plaintiff's counsel is now filing its third Motion to Extend Service, has located the defendant, and is ready to serve the defendant immediately upon the extension. Plaintiff's counsel has also engaged two process servers to serve the Defendant.

5. Running of the applicable statute of limitations;

**SECOND AMENDED MOTION TO EXTEND TIME FOR SERVICE** - 3 -

Since this matter must be filed within 90 days of the Right to Sue Letter, a dismissal would be extremely prejudicial to the Plaintiff as it would effectively end the case. A dismissal is not the right remedy in this situation. Plaintiff's counsel has the documents out for service and dismissing the case could render the case unable to litigate.

6. The parties' good faith attempts to settle the litigation during the 120-day period;

Plaintiff's counsel believes the Nevada Equal Rights Commission reached out to the Defendant with a Charge Letter and a Remedy Request and Settlement Demand. However, Plaintiff's counsel believes that this was prior to the 120-day period, however Plaintiff's counsel did not hear from EDIC up until the present date despite the settlement demand.

7. The time between the end of the 120-day period and effective service;

The matter was out for service currently. Upon the notice of the hearing regarding service, Plaintiff's counsel immediately set the matter out for service. However, ABC Legal wrote that this was past the deadline. Plaintiff's counsel told ABC Legal to serve the documents anyway and has engaged another process server to serve the documents. The matter has not yet been served but it is currently out with two process servers.

8. Prejudice to the defendant from the delay in service;

There would be absolutely no prejudice to the Defendant. They have likely been aware of Plaintiff's claim as NERC likely informed Defendant regarding the claim as Plaintiff filled out documentation that is reasonably believed to be sent to the Defendant. Plaintiff's counsel's error should not prejudice the Plaintiff, and that there is no prejudice to the Defendant whatsoever. Plaintiff has set the matter out for service currently. Since this matter must be filed within 90 days of the Right to Sue Letter, a dismissal would be extremely prejudicial to the Plaintiff as it may effectively end the case. The matter was out for service currently but it appears as though the process server canceled it because

**SECOND AMENDED MOTION TO EXTEND TIME FOR SERVICE** - 4 -

of the deadline. There would be no prejudice to the Defendant due to a delay in service. Defendant is likely aware of the lawsuit as they were likely in touch with the NERC prior to the issuance of the Right to Sue Letter. There have been no prior extensions.

9. Defendant's knowledge of the lawsuit;

Defendant is likely aware of the lawsuit as they were likely in touch with the NERC prior to the issuance of the Right to Sue Letter.

10. Any extensions of time granted by the court.

There have been no prior extensions.

## III. CONCLUSION

Plaintiff would be extremely prejudiced if the matter is dismissed as the statute of limitations would likely run. The matter is currently out for service. It was due to inadvertence of counsel that the matter was not yet set out for service.

DATED: November 13, 2023

By: _____
     Jonathan D. Roven
     Attorney for Plaintiff

## AFFIDAVIT OF JONATHAN ROVEN IN SUPPORT OF MOTION
## TO EXTEND THE TIME FOR SERVICE OF THE SUMMONS AND COMPLAINT

STATE OF NEVADA        )
                            )   ss.

COUNTY OF CLARK      )

      I, Jonathan Roven, do swear, under penalty of perjury, under the laws of the State of Nevada, the following is true and correct, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

1. GRANT ADDITIONAL TIME OR SET HEARING: motions for additional time to serve are typically granted without hearing. If the Court determines a hearing in this matter is necessary, it is requested that the hearing be set, EDIC likely is aware of this litigation as Plaintiff's counsel reasonably believes that the NERC (Nevada Equal Rights Commission) contacted Defendant regarding this matter.

2. In order for a Plaintiff to receive an Order granting additional time to serve a defendant, the Plaintiff must make two showings: a. Show good cause why the motion for additional time to serve was not filed prior to the expiration of 120 days and; b. 2. Show good cause why service was not made within the 120 days.

3. Good Cause For Bringing Motion After 120-Day Expiration: Plaintiff's counsel made a mistake, inadvertence, excusable neglect and surprise that this matter was not yet set out for service. Plaintiff's counsel has been diligent in obtaining the Right to Sue and filing the complaint, and therefore Plaintiff's counsel was surprised to receive the OSC re: Dismissal. Immediately upon receipt, Plaintiff's counsel set the matter out for service and filed the instant Motion. However it appears that the process server canceled since it is passed the 120-day deadline.

4. Good Cause For Extending Date For Service:

Plaintiff addresses the ten factors listed in *Scrimer* as follows:

1. Difficulties in locating the defendant;

      There was not severe difficulty in locating the defendant.

**SECOND AMENDED MOTION TO EXTEND TIME FOR SERVICE** - 6 -

2. The defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed;

The defendant did not evade service to Plaintiff's knowledge.

3.   Plaintiffs diligence in attempting service;

Plaintiff has set the matter out for service currently, however it appears as though the process server canceled the service because if was after the 120-day deadline. ABC Legal wrote to Plaintiff's counsel, "Hello Jonathan, Our system has indicated the last date to serve your order was on 9/22/23 based on the data within your case. If this is incorrect, please reach out and provide a new last date to serve, and we will have your documents dispatched for service asap. Kindly, ABC Legal Customer Support". Since then, Plaintiff's counsel told ABC Legal to serve the documents anyway, and has engaged another process server to serve the documents.

4. Difficulties encountered by counsel;

It was due to Plaintiff's counsel's mistake in not ensuring this was out for service that it did not go out timely. Currently, Plaintiff's counsel is now filing its third Motion to Extend Service, has located the defendant, and is ready to serve the defendant immediately upon the extension. Plaintiff's counsel has also engaged two process servers to serve the Defendant.

5.   Running of the applicable statute of limitations;

Since this matter must be filed within 90 days of the Right to Sue Letter, a dismissal would be extremely prejudicial to the Plaintiff as it would effectively end the case. A dismissal is not the right remedy in this situation. Plaintiff's counsel has the documents out for service and dismissing the case could render the case unable to litigate.

6. The parties' good faith attempts to settle the litigation during the 120-day period;

Plaintiff's counsel believes the Nevada Equal Rights Commission reached out to the Defendant with a Charge Letter and a Remedy Request and Settlement Demand.

**SECOND AMENDED MOTION TO EXTEND TIME FOR SERVICE** - 7 -

However, Plaintiff's counsel believes that this was prior to the 120-day period, however Plaintiff's counsel did not hear from EDIC up until the present date despite the settlement demand.

      7.   The time between the end of the 120-day period and effective service;

      The matter was out for service currently. Upon the notice of the hearing regarding service, Plaintiff's counsel immediately set the matter out for service. However, ABC Legal wrote that this was past the deadline. Plaintiff's counsel told ABC Legal to serve the documents anyway and has engaged another process server to serve the documents. The matter has not yet been served but it is currently out with two process servers.

      8.   Prejudice to the defendant from the delay in service;

      There would be absolutely no prejudice to the Defendant. They have likely been aware of Plaintiff's claim as NERC likely informed Defendant regarding the claim as Plaintiff filled out documentation that is reasonably believed to be sent to the Defendant. Plaintiff's counsel's error should not prejudice the Plaintiff, and that there is no prejudice to the Defendant whatsoever.  Plaintiff has set the matter out for service currently. Since this matter must be filed within 90 days of the Right to Sue Letter, a dismissal would be extremely prejudicial to the Plaintiff as it may effectively end the case. The matter was out for service currently but it appears as though the process server canceled it because of the deadline. There would be no prejudice to the Defendant due to a delay in service. Defendant is likely aware of the lawsuit as they were likely in touch with the NERC prior to the issuance of the Right to Sue Letter. There have been no prior extensions.

      9.   Defendant's knowledge of the lawsuit;

      Defendant is likely aware of the lawsuit as they were likely in touch with the NERC prior to the issuance of the Right to Sue Letter.

      10.  Any extensions of time granted by the court.

      There have been no prior extensions.

**SECOND AMENDED MOTION TO EXTEND TIME FOR SERVICE** - 8 -

5. 120 days from filing is September 22, 2023.

6. REQUEST FOR JUDICIAL NOTICE: Plaintiff requests that Judicial Notice be given to the following: Complaint, the Application for additional time to serve, the declaration thereon, and the Order finding good cause and granting additional time to serve and the remainder of the pleadings and papers on file with the Court on this matter.

7. REQUEST FOR RELIEF: Plaintiff, by this Application, requests the Court make the following Orders:

a) Plaintiff demonstrated good cause for failure to file this motion for additional time to serve before the expiration of the deadline, as Plaintiff has been attempting service.

b) Plaintiff has demonstrated good cause to now extend the time for service of the Summons and Complaint.

c) It is requested that the time to serve the Summons and Complaint on defendants be extended an additional 120 days.


I declare, under penalty of perjury of the laws of the State of Nevada, the foregoing is true.

DATED: November 13, 2023

By: _____
        Jonathan D. Roven
        Attorney for Plaintiff

**SECOND AMENDED MOTION TO EXTEND TIME FOR SERVICE** - 9 -

Electronically Filed
11/14/2023 2:26 PM
Steven D. Grierson
CLERK OF THE COURT

Job # 25812

# AFFIDAVIT OF SERVICE

**Client Info:**

Jonathan Roven
3753 Howard Hughes Parkway
Suite 200
Las Vegas, NV  89169

**Case Info:**

| | |
|---|---|
| **Plaintiff:** | District Court |
| JOHNELLE GARLAND | Court Division: Dept. No.: 4 |
| -versus- | County of Clark, Nevada |
| **Defendant:** | |
| EDIC, a Nevada corporation; ROE CORPORATIONS 1 TO 10 | Issuance Date: 11/13/2023 Court Case # **A-23-871275-C** |

**Service Info:**

**Date Received: 11/13/2023** at **01:02 PM**
**Service:** I Served **EDIC**
With: **SUMMONS - CIVIL; COMPLAINT; DEMAND FOR JURY TRIAL**
by leaving with **Carlos Herrera, MANAGER**

**At Business 3774 W CHEYENNE AVE, UNIT 110 NORTH LAS VEGAS, NV 89032**
Latitude: **36.217806**,   Longitude: **-115.189702**

On **11/14/2023** at **09:49 AM**
**Manner of Service: BUSINESS**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS - CIVIL; COMPLAINT; DEMAND FOR JURY TRIAL** to:
**Carlos Herrera** , **MANAGER** at the address of: **3774 W Cheyenne Ave, Unit 110 North Las Vegas, NV 89032** with an agent
lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the
address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary
of State or entities usual place of business.

**Served Description:  (Approx)**

Age: **35**, Sex: **Male**, Race: **Hispanic**, Height: **5' 6"**, Weight: **200**, Hair: **Brown** Glasses:  **No**

I **Jacqueline T. Kohler** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the
process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing
document and that the facts stated in it are true.

Signature of Server:
**Jacqueline T. Kohler**
Lic # **R-097043**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **25812**

SUBSCRIBED AND SWORN to before me this ___14___ day of ___November___ , ___2023___ , by ___Jacqueline Kohler___ ,
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

GENICE O ROJAS
Notary Public, State of Nevada
Appointment No. 14-13968-1
My Appt. Expires Jul 1, 2026

_____ NOTARY PUBLIC for the state of Nevada





Case Number: A-23-871275-C

1 of 1

Electronically Filed
11/14/2023 3:11 PM

CLERK OF THE COURT

Jonathan D. Roven (SBN 015807)
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel.: 702-605-5409
jon@thenevadalawyer.com

Attorney for Plaintiff JOHNELLE GARLAND

DISTRICT COURT

CLARK COUNTY, NEVADA

|  |  |
|---|---|
| JOHNELLE GARLAND,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EDIC, a Nevada corporation; ROE<br>CORPORATIONS 1 TO 10;<br><br>　　　　　Defendants. | CASE NO: A-23-871275-C<br><br>DEPT. NO: 4<br><br>**[PROPOSED] ORDER**<br><br>**RE: SECOND AMENDED MOTION TO EXTEND TIME FOR SERVICE**<br><br>**HEARING NOT REQUESTED** |

**ORDER** - 1 -

**ORDER**

Pursuant to NRCP 6(b) and 4( d)(i), a plaintiff may be afforded additional time to serve the summons and complaint upon a defendant, if the plaintiff shows good cause why such service was not made within the 120-day time frame. Nev. R. Civ. P. 6(b) and 4(d)(i)(2007).

In analyzing failures to serve timely, courts must apply a two-pronged test. Saavedra-Sandoval v. Wal-Mart Stores, 126 Nev. 592,245 P.3d 1198 (2010). In order to determine whether a motion to enlarge should be granted, the court first must determine if the motion to enlarge was filed within the initial 120-day period, and if not, whether good cause existed for the untimely filing. Id. Second, the court must determine whether there was good cause for the failure to effect service within the initial 120-day period. Id.

Good cause is determined on a case-by-case basis. Scrimer v. Eighth Jud. Dist., 116 Nev. 507, 998 P.2d 1190 (2000). In Scrimer, the Nevada Supreme Court listed 10 factors for consideration in making the determination of "good cause" under Rule 4:

1. Difficulties in locating the defendant;

There was not severe difficulty in locating the defendant.

2. The defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed;

The defendant did not evade service to Plaintiff's knowledge.

3. Plaintiffs diligence in attempting service;

Plaintiff has set the matter out for service currently, however it appears as though the process server canceled the service because if was after the 120-day deadline. ABC Legal wrote to Plaintiff's counsel, "Hello Jonathan, Our system has indicated the last date to serve your order was on 9/22/23 based on the data within your case. If this is incorrect, please reach out and provide a new last date to serve, and we will have your documents dispatched for service asap. Kindly, ABC Legal Customer Support". Since then, Plaintiff's counsel told ABC Legal to serve the documents anyway, and has engaged another process server to serve the documents.

4. Difficulties encountered by counsel;

It was due to Plaintiff's counsel's mistake in not ensuring this was out for service that it did not go out timely. Currently, Plaintiff's counsel is now filing its third Motion to Extend Service, has located the defendant, and is ready to serve the defendant immediately upon the extension. Plaintiff's counsel has also engaged two process servers to serve the Defendant.

5.   Running of the applicable statute of limitations;

Since this matter must be filed within 90 days of the Right to Sue Letter, a dismissal would be extremely prejudicial to the Plaintiff as it would effectively end the case. A dismissal is not the right remedy in this situation. Plaintiff's counsel has the documents out for service and dismissing the case could render the case unable to litigate.

6. The parties' good faith attempts to settle the litigation during the 120-day period;

Plaintiff's counsel believes the Nevada Equal Rights Commission reached out to the Defendant with a Charge Letter and a Remedy Request and Settlement Demand. However, Plaintiff's counsel believes that this was prior to the 120-day period, however Plaintiff's counsel did not hear from EDIC up until the present date despite the settlement demand.

7.   The time between the end of the 120-day period and effective service;

The matter was out for service currently. Upon the notice of the hearing regarding service, Plaintiff's counsel immediately set the matter out for service. However, ABC Legal wrote that this was past the deadline. Plaintiff's counsel told ABC Legal to serve the documents anyway and has engaged another process server to serve the documents. The matter has not yet been served but it is currently out with two process servers.

8.   Prejudice to the defendant from the delay in service;

1    There would be absolutely no prejudice to the Defendant. They have likely been

2   aware of Plaintiff's claim as NERC likely informed Defendant regarding the claim as

3   Plaintiff filled out documentation that is reasonably believed to be sent to the Defendant.

4   Plaintiff's counsel's error should not prejudice the Plaintiff, and that there is no prejudice

5   to the Defendant whatsoever.  Plaintiff has set the matter out for service currently. Since

6   this matter must be filed within 90 days of the Right to Sue Letter, a dismissal would be

7   extremely prejudicial to the Plaintiff as it may effectively end the case. The matter was

8   out for service currently but it appears as though the process server canceled it because

9   of the deadline. There would be no prejudice to the Defendant due to a delay in service.

10   Defendant is likely aware of the lawsuit as they were likely in touch with the NERC prior

11   to the issuance of the Right to Sue Letter. There have been no prior extensions.

12    9.  Defendant's knowledge of the lawsuit;

13    Defendant is likely aware of the lawsuit as they were likely in touch with the NERC

14   prior to the issuance of the Right to Sue Letter.

15    10.  Any extensions of time granted by the court.

16    There have been no prior extensions.

17

18    IT IS THEREFORE ORDERED, FOR GOOD CAUSE:

19    Plaintiff JOHNELLE GARLAND may have until ___120 days from the date of this Order___ to serve the

20   Defendant EDIC, a Nevada corporation, in the above-referenced matter.

21

22   Dated: _____

Dated this 14th day of November, 2023

23   Honorable Judge Nadia Krall
**143 647 3D2A 424A**
**Nadia Krall**
**District Court Judge**

24

25

26

27

28

**ORDER** - 4 -

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Johnelle Garland, Plaintiff(s)

vs.

EDIC, Defendant(s)

CASE NO: A-23-871275-C

DEPT. NO.  Department 4

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 11/14/2023

Jonathan Roven              jon@thenevadalawyer.com

Jonny Law                   electronicservice@calljonnylaw.com

Electronically Filed
12/7/2023 6:02 PM
Steven D. Grierson
CLERK OF THE COURT

**NOTA**
TREVOR J. HATFIELD, ESQ
Nevada Bar No. 7373
HATFIELD & ASSOCIATES, LTD.
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone:  (702) 388-4469
Facsimile:  (702) 386-9825
Email:  *thatfield@hatfieldlawassociates.com*

*Attorneys for Petitioner*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOHNELLE GARLAND,<br><br>               Plaintiff,<br><br>vs.<br><br>EDIC, a Nevada Corporation; ROE CORPORATIONS 1 TO 10;<br><br>               Defendants. | CASE NO:   A-23-871275-C<br>DEPT NO:   IV<br><br><br>**NOTICE OF APPEARANCE** |

     NOTICE IS HEREBY GIVEN that Defendant EDIC, a Nevada Corporation, will be represented by Trevor J. Hatfield, Esq. of the law firm of HATFIELD & ASSOCIATES, LTD., of the above-noted address in this action, and requests that all copies of notices, pleadings, and

///

///

///

///

///

///

///

*Left margin:* HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

documents be served on him at thatfield@hatfieldlawassociates.com.

DATED December 7, 2023                    HATFIELD & ASSOCIATES, LTD.

                                          */s/ Trevor J. Hatfield*
                                          By:_____
                                          TREVOR J. HATFIELD, ESQ.
                                          Nevada Bar No. 007373
                                          703 South Eighth Street
                                          Las Vegas, Nevada 89101
                                          (702) 388-4469 Tel.
                                          (702) 386-9825 Fax
                                          *thatfield@hatfieldlawassociates.com*

                                          *Attorneys for Plaintiff*

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

Electronically Filed
11/22/2023 1:59 PM
Steven D. Grierson
CLERK OF THE COURT

IN THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| **JOHNELLE GARLAND** | Case No.: **A-23-871275-C** |
| Plaintiff/Petitioner | |
| vs. | |
| **EDIC, A NEDAVA CORPORATION; ET AL.** | DECLARATION OF SERVICE OF |
| Defendant/Respondent | **SUMMONS; COMPLAINT** |

Pursuant to NRS 239B.030, this document does not contain any social security numbers or otherwise prohibited personal information as defined in NRS 603A.040

Received by **Don Taylor**, on the **13th day of November, 2023 at 5:06 PM** to be served upon **EDIC** at **3774 West Cheyenne Avenue, North Las Vegas, Clark County, NV 89032**.
On the **16th day of November, 2023 at 2:25 PM**, I, **Don Taylor**, **SERVED EDIC** at **3774 West Cheyenne Avenue, North Las Vegas, Clark County, NV 89032** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Carlos Herrera**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Carlos Herrera who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired Hispanic male contact 25-35 years of age, 5'6"-5'8" tall and weighing 140-160 lbs with a goatee. Production Manager who is authorized to accept docs named Carlos Herrera accepted docs by hand delivery at front reception desk.**

**MARRIED**    Yes   No    Refused    (circle one)
**SPOUSE NAME** null

Service Fee Total: **$95.00**

No Notary is Required per NRS 53.045

I am a citizen of the United States, over the age of eighteen, not a party to nor interested in the above entitled action, and have the proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate.

NAME: _____    11/16/2023

Don Taylor                                                                          Date
Registration Number: R-2022-13398
PO Box 778324
Henderson, NV 89077
480-289-0770

REF: **REF-13980042**